IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CRIM. NO. 3:21-CR-00013-DHB-BKE |
| | : | |
| VINATH OUDOMSINE. | : | |

**MOTION FOR RECONSIDERATION OF DETENTION ORDER
AND MEMORANDUM IN SUPPORT**

VINATH OUDOMSINE, by and through Counsel, hereby moves this Court for reconsideration of its Order to detain him until sentencing in the above-captioned matter following his plea of guilty entered on October 28, 2021, showing the following:

**STATEMENT OF FACTS**

1. On October 28, 2021, Mr. Oudomsine (knowing he was the target of a federal prosecution and appearing voluntarily) waived his right to prosecution by indictment and consented to prosecution by information.

2. On the same day, he entered a plea of Guilty to Count One (1) of an Information for violation of 18 U.S.C. § 1343.

3. Following the plea colloquy, this Court, *sua sponte*, remanded him to the custody of the United States Marshal, and he has since been detained at the Laurens County Detention Center, 511 Southern Pines Road, Dublin, Georgia 31021.

**ARGUMENT AND CITATION OF AUTHORITY**

Release or detention pending sentencing is controlled by 18 U.S.C. § 3143(a). Section (a)(1) of 3143 applies in this case as Mr. Oudomsine is not guilty of any of the crimes listed in (a)(2).

1

I. **MR. OUDOMSINE IS A FIRST TIME OFFENDER, IS NOT YET SCHEDULED TO BE SENTENCED, AND MEETS THE CONDITIONS FOR RELEASE UNDER § 3143(a)(1) BECAUSE THE "OTHER THAN" EXCEPTION APPLIES TO HIS CASE.**

Section 3143(a)(1) provides as follows:

> Release or detention pending sentence.— (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, *other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment*, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c).

18 U.S.C. § 3143(a)(1) (emphasis added).

Mr. Oudomsine's offense level falls into Zone B of the four sentencing zones. The base offense level for §2B1.1 is 7, if "(A) the defendant was convicted of an offense referenced to this guideline; and (B) that offense of conviction has a statutory maximum term of imprisonment of 20 years or more." U.S. Sentencing Comm'n, *Federal Sentencing Guidelines Manual* § 2B1.1(a). If the loss exceeded $6,500, the level is incrementally increased. *Id.* at § 2B1.1(b)(1). In this case, the offense level for §2B1.1(b)(1) adds 6 to the current offense level of 7. Since Mr. Oudomsine pled guilty and accepted responsibility for his offenses, he qualifies for a 2-level reduction.[1] Therefore, Mr. Oudomsine's offense level is 11. An offense level of 11 (with no prior criminal history points) places Mr. Oudomsine into Zone B of the sentencing zones. The sentence range is 8-14 months. *Id.* at Part A – Sentencing Table.

Further, the guidelines state:

> [i]f the applicable guideline range is in Zone B of the Sentencing Table, the minimum term may be satisfied by—(2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in subsection (e), provided that at least one month is satisfied by imprisonment; or (3) a sentence of

---

[1] Mr. Oudomsine does not qualify for the 3-level reduction since his offense level is less than 16.

2

>  probation that includes a condition or combination of conditions that substitute intermittent confinement, community confinement, or home detention for imprisonment according to the schedule in subsection (e).

*Id.* at § 5C1.1(c)(2)-(3).

The schedule of substitute punishments allows for one day of home detention as a substitute for one day of imprisonment. *Id.* at § 5C1.1(e)(3). Mr. Oudomsine will reach one month of confinement on November 28, 2021, which could allow him to serve the remainder of his sentence on supervised release with a condition that substitutes home detention in lieu of imprisonment under § 5C1.1(c)(2). However, Mr. Oudomsine could also serve his sentence under home confinement under § 5C1.1(c)(3) without any imprisonment. Further, the factors considered under 18 U.S.C. § 3553(a) will weigh heavily in favor of a sentence of probation.[2] Since Mr. Oudomsine's sentence could be satisfied with a sentence of probation and home confinement, he falls within the "other than" exception in 18 U.S.C. § 3143(a)(1).

## II. THERE IS CLEAR AND CONVINCING EVIDENCE THAT MR. OUDOMSINE WILL NOT FLEE OR BE A DANGER.

Mr. Oudomsine is a nonviolent, first-time offender. He received and promptly responded to a target letter from the federal government in relation to the present charges. Mr. Oudomsine appeared voluntarily on October 28, 2021 to enter his guilty plea. His lack of criminal history, stable residence with his parents, and strong family support and community ties support his release pending sentencing. Further, Mr. Oudomsine has not previously been ordered detained pending a trial or his plea in this case. He is able and willing to meet any condition or combination of conditions of release until his sentencing. These conditions could include home confinement with or without GPS monitoring by the U.S. Probation Office.

---

[2] This is a nonviolent offense, and Mr. Oudomsine has no previous criminal history.

## **CONCLUSION**

By the time this Court addresses this motion, Mr. Oudomsine will have been detained in Laurens County for more than a month. Mr. Oudomsine has seen firsthand where he could find himself if he is not fully compliant with this Court's requirements. He understands what will be expected of him and respectfully requests that the Court release him and give him the opportunity to demonstrate that compliance.

This 24th day of November, 2021.

/s/ *C. Brian Jarrard*
C. BRIAN JARRARD
Ga. Bar No. 389497
ATTORNEY FOR VINATH OUDOMSINE

Jarrard Law Group, LLC
4108 Arkwright Road, Suite 2
Macon, Georgia 31210
Office: (478) 477-0004
Fax: (478) 477-0014
brian@jarrardlawgroup.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 24th day of November, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to any counsel of record registered on the CM/ECF system.

                                          /s/ _C. Brian Jarrard_____
                                          C. BRIAN JARRARD
                                          Ga. Bar No. 389497
                                          ATTORNEY FOR VINATH OUDOMSINE

Jarrard Law Group, LLC
4108 Arkwright Road, Suite 2
Macon, Georgia 31210
Office: (478) 477-0004
Fax: (478) 477-0014
brian@jarrardlawgroup.com