IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 321-013 |
| | * | |
| VINATH OUDOMSINE | * | |

**O R D E R**

On October 28, 2021, the Court accepted the guilty plea of Defendant Vinath Oudomsine to one count of wire fraud, a violation of 18 U.S.C. § 1343. During the plea colloquy, Defendant admitted the following facts: That he obtained Economic Injury Disaster Loan ("EIDL") proceeds under false and misleading pretenses by application to the Small Business Administration on July 14, 2020. That through his false representations in his EIDL application, Defendant received $85,000. And, that Defendant used the bulk of the proceeds of his crime to purchase a collector's Pokémon card for $57,789. As part of his plea agreement, Defendant agreed to forfeit his interest in any property constituting, or derived from, the proceeds of his crime. (Doc. No. 11, ¶ 8(a).) He further agreed to "take all steps requested by the government to facilitate transfer of title" of the property to the Government. (Id. ¶ 8(b).) In fact, FBI Special Agent Marcus Kirkland testified that

the Pokémon card, which is subject to the consented forfeiture, was in the possession of Defendant's relative in Atlanta, Georgia, and that Defendant committed to retrieve the Pokémon card and surrender it to the Government. Defendant has offered no explanation for his failure to do so.

At the conclusion of the plea colloquy, the Court denied bond and remanded Defendant to the custody of the United States Marshal. At present, Defendant moves for reconsideration of the denial of bond.

Release pending sentencing in this case is governed by 18 U.S.C. § 3143(a)(1), which provides that the Court "shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. § 994 does not recommend a term of imprisonment, be detained . . . ." The statute provides an exception to this mandate if the Court "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." Id. Through his motion for reconsideration, Defendant asks the Court to consider the exception that his applicable guideline range "does not recommend a term of imprisonment." In fact, the applicable guideline range as calculated by Defendant is 8 to 14 months, *if Defendant receives a two-level offense level reduction for acceptance of*

*responsibility.* (See Def.'s Mot. for Reconsideration, Doc. No. 19, at 2.)

Under the circumstances outlined above, the acceptance of responsibility reduction is not a foregone conclusion. But even with acceptance of responsibility, the guideline range calls for a term of imprisonment. Thus, the exception to detention invoked by Defendant does not apply. Moreover, the Court is by no means convinced that Defendant is not presently engaged in criminal activity through his failure to retrieve and surrender the Pokémon card from the possession of a relative.

In short, Defendant is not entitled to bond pending sentencing. Accordingly, his motion for reconsideration (doc. no. 19) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of December, 2021.

UNITED STATES DISTRICT JUDGE